Filed 6/21/13  P.v. Brooks CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072772 |
| v. | (Super. Ct. No. 12F7059) |
| MICHAEL RONALD BROOKS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Michael Ronald Brooks asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We will correct a clerical error in the abstract of judgment, but we find no other arguable error that would result in a disposition more favorable to defendant.  We will affirm the judgment.

1

## I

According to the stipulated factual basis for defendant's plea, officers responded to an assault at the home of defendant's father. The father told officers that defendant threw him to the floor and stabbed him in the ear with a kitchen knife. Defendant admitted assaulting his father.

In exchange for a stipulated term of four years in state prison and the dismissal of an alleged prior strike conviction, defendant pleaded no contest to assault with a deadly weapon (a knife) and admitted serving a prior prison term. The trial court sentenced defendant to the stipulated four-year prison term (the middle term of three years for the assault plus one year for the prior prison term), awarded 56 days of presentence custody credit (28 actual days and 28 conduct days), and imposed various fines and fees.

As part of his plea, defendant also admitted two petitions for violation of probation in a different case. The trial court revoked probation and imposed a concurrent 180-day term.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a letter described as a supplemental brief, but it does not assert any contentions. It simply directs us to review his case and all documents. It also informs us that defendant is asking his attorney to file a *Wende* brief.

Nonetheless, we have identified a clerical error in the abstract of judgment. The abstract of judgment misspells defendant's name as "Michale." The trial court has a duty to ensure a correct abstract is prepared; accordingly, a corrected abstract, with the correct spelling of defendant's name, must be prepared. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385-389.)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment with the correct spelling of defendant's name, and to forward the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.


                 MAURO         , Acting P. J.


We concur:


             MURRAY               , J.


             DUARTE               , J.